# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00360-MR

| | |
|---|---|
| IN RE: )<br>)<br>SMOKY MOUNTAIN COUNTRY )<br>CLUB PROPERTY OWNERS' )<br>ASSOCIATION, INC. )<br>_____ )<br>)<br>RONNIE C. HEDGEPETH, JR., SHIRA )<br>HEDGEPETH, ROBERT L. YOUNG, )<br>and MARY H. YOUNG, )<br>)<br>          Appellants, )<br>)<br>   vs. )<br>)<br>SMOKY MOUNTAIN COUNTRY )<br>CLUB PROPERTY OWNERS' )<br>ASSOCIATION, INC., and SMCC )<br>CLUBHOUSE, LLC, )<br>)<br>          Appellees. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Appellees' Motion for Waiver of Application of Local Rules in Connection with Registration for ECF [Doc. 2].

This is a bankruptcy appeal. In the proceedings below, the Appellees were represented by attorney Edward C. Hay, who is duly admitted to practice before this Court and is a registered user of the Court's Electronic

Court Filing (ECF) system. The Appellees were also represented in the bankruptcy proceeding by Marshall Edward Cornblum, an attorney licensed in the state of California, who was admitted before the bankruptcy court *pro hac vice*.

Mr. Hay now moves the Court to waive the requirement imposed by the Local Rules that attorney Marshall Edward Cornblum be required to register for ECF. <u>See</u> LCvR 83.1(d). For grounds, Mr. Hay states Mr. Cornblum is semiretired and is presently 82 years old; that Mr. Cornblum does not maintain a formal office and has no staff; and that taking the training necessary to establish ECF registration would be a burden on Mr. Cornblum. Mr. Hay further represents that he himself is available to be served with any electronic service that occurs in the case, and that he does not anticipate that Mr. Cornblum will file any pleadings or other motions himself in this appeal. [Doc. 2].

The Appellees' motion is denied. If Mr. Cornblum desires to serve as counsel of record and file any pleadings in this matter, he must seek admission with this Court and register with the Court's ECF system. <u>See</u> LCvR 83.1(d). Such requirements are neither complicated nor onerous, and

thus the Court finds no reason to exempt Mr. Cornblum from such requirements.[1]

**IT IS, THEREFORE, ORDERED** that the Appellees' Motion for Waiver of Application of Local Rules in Connection with Registration for ECF [Doc. 2] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 14, 2020

Martin Reidinger
United States District Judge

---

[1] Should Mr. Cornblum decide not to comply with these requirements, this would not preclude him from continuing from being involved in the representation of the Appellants; he just would not serve as counsel of record in this bankruptcy appeal.